## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JACK FERRARA,

    **Plaintiff,**

v.                                  **CASE NO.:**

                                        **DIVISION:**

**FREEDOMROADS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACK FERRARA, by and through undersigned counsel, brings this action against Defendant, FREEDOMROADS, LLC, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq. and the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Lee County, Florida.

## PARTIES

4.     Plaintiff is a resident of Sarasota County, Florida.

5.     Defendant operates a recreational vehicle and camping supply retail company, in Lee County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent, or they have been waived.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     Plaintiff requests a jury trial for all issues so triable.

9.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA and ADA.

10.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

11.     At all times material hereto, Defendant employed twenty (20) or more employees.  Thus, Defendant is an "employer" within the meaning of the ADEA.

## FACTS

12.     Plaintiff began working for Defendant on February 13, 2018 as a service director, and worked in this capacity until October 23, 2019.

13.     Plaintiff is sixty six (66) years of age and was sixty four (64) years of age at the time Defendant terminated Plaintiff's employment.

14.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

15.     Specifically, in July 2019 Plaintiff's physician discovered a tumor on his back which was determined to be an active melanoma requiring treatment including but not limited to surgery.

16.     At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

17.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

18.      In July 2019, Plaintiff notified Defendant of his condition.

19.     Plaintiff notified his immediate supervisor, Dwight Dunmire, of his diagnosis and the required treatment.

20.     In August 2019 Plaintiff had medically mandated surgery.

3

21.    Plaintiff required a reasonable accommodation in the form of a short leave of absence to recover from surgery.

22.    Plaintiff returned to work eight (8) days after his surgery.

23.    Upon Plaintiff's return from his leave of absence, Defendant began to fabricate issues and treated Plaintiff in a disparate manner when compared to non-disabled employees under the age of forty.

24.    Plaintiff performed his job duties in a satisfactory manner for the duration of his employment and did not have a record of disciplinary issues performance problems prior to his leave of absence.

25.    On October 16, 2019 Defendant placed Plaintiff on a performance improvement plan ("PIP") based on vague accusations.

26.    Plaintiff's PIP included unobtainable goals.

27.    On or about October 23, 2019, Defendant terminated Plaintiff's employment for a pretextual reason.

28.    Defendant terminated Plaintiff's employment based on his disability, age, and/or in retaliation for his reasonable accommodation request.

29.    Defendant replaced Plaintiff with a significantly younger employee.

## COUNT I – ADEA VIOLATION
## (AGE DISCRIMINATION)

30.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

31.     As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

32.     Plaintiff was subjected to disparate treatment based on his age.

33.     Defendant's actions were willful and done with malice.

34.     Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of the ADEA;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to his prior position with back pay plus interest, or in the alternative, front pay;

f)     Liquidated damages in an amount equal to Plaintiff's total damages;

g)     Prejudgment interest on all monetary recovery obtained.

5

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT II – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

35.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

36.    Plaintiff is a member of a protected class under the ADA.

37.    Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

38.    Specifically, Defendant terminated Plaintiff's employment based on his disability.

39.    Defendant's actions were willful and done with malice.

40.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

j)    A jury trial on all issues so triable;

k)    That process issue and that this Court take jurisdiction over the case

l)      That this Court enter an injunction restraining continued violation of the ADA;

m)

n)      ;

o)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

p)      Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

q)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

r)      Any other compensatory damages, including emotional distress, allowable at law;

s)      Punitive damages;

t)      Prejudgment interest on all monetary recovery obtained.

u)      All costs and attorney's fees incurred in prosecuting these claims; and

v)      For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

32.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

33.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34.    Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation for his disability.

35.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

36.    Defendant's actions were willful and done with malice.

37.    The adverse employment action that Defendant took against Plaintiff was material.

38.    Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

8

d)      That this Court enter an injunction restraining continued violation of the ADA;

e)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of June, 2021.

Respectfully submitted,

9

/s/ Brianna A. Jordan
**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
Facsimile: 813-393-5481
E-mail: bjordan@forthepeople.com
***Attorney for Plaintiff***